Filed 2/27/24  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRANK SMITH, Defendant and Appellant. | D082225 (Super. Ct. No. FSB18001214) |

APPEAL from a judgment of the Superior Court of San Bernardino County, J. David Mazurek, Judge.  Remanded with directions and affirmed in all other respects.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

A jury convicted Frank Smith of attempted willful, deliberate, and premeditated murder (Pen. Code §§ 664, 187, subd. (a); count 1) and of being a felon in possession of a firearm (§ 29800, subd. (a); count 2), and it found true that Smith personally used a firearm during the crime (§ 12022.53, subd. (b) & (e)(1)).

On October 14, 2022, the court sentenced Smith to seven years to life for the attempted premeditated murder conviction (count 1) plus ten years for personally using a firearm in the commission of the crime. The court added a consecutive two-year term for the felon in possession of a firearm conviction (§ 29800, subd. (a)(1); count 2).

Smith appeals, claiming the trial court's sentence for count 1 was error because the crime of attempted premeditated murder does not have a statutorily-prescribed minimum term, but rather a minimum parole eligibility of seven years, which is not properly considered part of the sentence for the offense. The Attorney General concedes the erroneous sentence for count 1 requires Smith's requested modification of the abstract of judgment.

We agree with Smith and accept the Attorney General's concession that the trial court's sentence of seven years to life for count 1 does not align with what is statutorily authorized by sections 664 and 3046. Section 664 prescribes the punishment for attempted first degree murder as "imprisonment in the state prison for life with the possibility of parole." (§ 664, subd. (a).) Section 3046 provides that a defendant serving a life sentence shall not be paroled until he or she has served a minimum of

---

[1] We find this matter appropriately resolved by memorandum opinion. (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

seven years in prison.  (§ 3046, subd. (a)(1).)  While seven years to life is a common shorthand for a sentence of life with the possibility of parole, it is technically "incorrect because it indicates a minimum term exists, rather than a minimum parole eligibility." (*People v. Wong* (2018) 27 Cal.App.5th 972, 977, fn. 4.)  Thus, although there is a minimum prison term of seven years for parole eligibility, it is not part of the sentence.  More accurately, "the sentence for attempted murder is simply 'life, plus' any determinate enhancements"—in this case, life plus ten years for personally using a firearm.  (*Ibid.*)  We therefore direct the trial court to modify Smith's sentence for count 1 to life in state prison, plus ten years for personally using a firearm.

## DISPOSITION

We order the trial court to modify the abstract of judgment to reflect the sentence for Smith's conviction for attempted, willful, deliberate, and premeditated murder to life in state prison, plus ten years for personally using a firearm, and to forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

RUBIN, J.